## HERMAN J. SCHULZ V. THE STATE.

### No. 10326.   Delivered January 19, 1927.

**1.—Theft by Bailee—Indictment—No Variance Shown.**

Where appellant, who was gurdian of a minor, and had in his possession a sum of money belonging to his said ward, had filed his final report and had agreed to apply said money to the discharge of a debt due appellant by the mother of the ward, but wholly failed to so apply the money, and appropriated it to his own use, he was properly prosecuted under Art. 1429, P. C., and not under Art. 1538, P. C., relating to embezzlement of funds by a guardian.

**2.—Same—Evidence—Hearsay—Properly Excluded.**

Where, on a trial for theft by a bailee, there was no error in refusing to permit a witness to testify that appellant had told him that he had used the money, that he was charged with embezzling for the support of the mother of the ward, and of the ward. Such declaration of appellant was self-serving and hearsay and was properly excluded.

Appeal from the District Court of Bexar County.   Tried below before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction of theft by conversion, penalty two years in the penitentiary.

The opinion states the case.

*W. W. Walling, T. M. West, H. B. Cline, Horace E. Wilson* and *Robert I. Wilson,* for appellant.

*C. M. Chambers,* District Attorney; *Walter Tynan,* Assistant District Attorney; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Thirty-seventh District Court of Bexar County for the offense of theft by bailee, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was appointed guardian of the estate of the prosecuting witness, Edwin Kopplin, a minor, by the County Court of Guadalupe County, and as such guardian came into possession of about $3,333.00 in cash belonging to said estate.   It also appears that the appellant was the uncle of said minor, and after the minor reached the age of 19 years, the appellant had his disabilities removed and immediately thereafter filed his, appellant's, application in the County Court of Guadalupe County, under order showing that he then had on hand money belonging to said minor in the sum of

$3,333.00, and asked for a discharge, and in connection therewith filed a written instrument, duly signed by said minor, stating that he had received from said guardian the full amount of his estate and asking that said guardian and his bondsmen be released, all of which was accordingly granted by said County Court. The minor, Edwin Kopplin, as a witness for the state, testified that he executed said instrument stating that he had received the full amount of his estate from said guardian and requesting said release upon the promise of the appellant, and his agreement, that he, appellant, would take $3,000.00 of the said $3,333.00 and pay off and discharge a lien that was then outstanding against the land of the minor's mother, a widow. Said witness further testified that thereafter appellant told him that the lien had been discharged and paid off, which, the record tends to disclose, was held by the appellant. It is further shown that the appellant did not pay off and discharge said lien with the money in question, but applied same to his individual debts. The appellant defended upon the ground that after said minor's father died, it was agreed by and between the mother of said minor and himself that the money in question due to the minor could be applied by appellant for advances made by him, appellant, for the support and maintenance of the prosecuting witness, his mother and her family. The state, in rebuttal of this contention, introduced evidence to the effect that the appellant had admitted, subsequent to being released as guardian and before the trial of this case, that he owed said money to the minor and would pay it as soon as he could raise it.

It is the contention of the appellant that under the facts of this case the indictment should have been drawn under Article 1538 (1426) of the Penal Code relating to the conversion of estates by executors, administrators or guardians, and not under Article 1429 relating to conversion by bailees; and that the defendant having testified in his own behalf to using the money many years prior to filing his application for discharge, the offense was barred by limitation. This indictment is based upon Article 1429, and the count upon which the verdict is based charges "that on or about the 24th day of June, A. D. 1922, in the County of Bexar and State of Texas, Herman J. Schulz, having possession of certain personal property, to-wit, $3,333.00, current money of the United States of America, and of the value of $3,333.00, the same then and there the property of Edwin Kopplin by virtue of his contract of bailment with the said Edwin Kopplin, did then and there unlawfully and without the consent of the said Edwin Kopplin, the owner thereof,

fraudulently convert said money to his, the said Herman J. Schulz's, own use and with intent to deprive the said Edwin Kopplin, the owner, of the value of the same." We think that under the agreement that appellant would apply the money to the debt of prosecuting witness' mother, the indictment was properly based upon said Article 1429, supra. There was no error in the action of the trial court in holding that this case was not barred by limitation. The sworn application for discharge, showing that appellant then had the money in his possession, was filed less than five years prior to the date of the indictment in this case, and the period of limitation, therefore, had not expired. Art. 179, C. C. P.

In bill of exception No. 2 complaint is made to the refusal of the court to permit the appellant to show by Gustave Kopplin that the money in question had been expended for the purpose of maintaining and supporting the said minor, his mother and her family. The court's qualification to this bill shows that this witness stated that he knew nothing about the matters inquired about except what the appellant had told him. There was no error in excluding this testimony.

In bill of exception No. 3 the appellant complains of the refusal of the court to instruct a verdict of not guilty. There is no merit in this contention.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.